IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI, | No. C 08-5247 SBA (PR) |
| Plaintiff, | **ORDER DENYING RECONSIDERATION** |
| v. | (Docket no. 18) |
| M. CATES, et al., | |
| Defendants. / | |

Plaintiff, a state prisoner, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis. Thereafter, he filed an amended complaint as well as a second amended complaint (SAC).

In an Order dated September 30, 2010, the Court determined that "the acts complained of in the SAC occurred at [the Substance Abuse Treatment Facility] SATF, which is located in the Eastern District of California, and it appears that the defendants reside in that district." (Sept. 30, 2010 Order at 3.) Therefore, the Court transferred this action to the United States District Court for the Eastern District of California. To date, Plaintiff's action is still pending in the Eastern District.

Before the Court is Plaintiff's motion for reconsideration of the September 30, 2010 Order of Transfer.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. No. 1J, 5 F.3d at 1263. Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Here, Plaintiff does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that

the judgment is void or has been satisfied. Nor does he set forth any other reason justifying relief. Rather, Plaintiff simply makes a conclusory argument that the "majority of the events took place at Salinas Valley State Prison," which is a prison within the Court's jurisdiction. (Pl.'s Mot. at 1.) However, contrary to Plaintiff's claim, the SAC indicates that the alleged constitutional violations took place at SATF. (SAC at 4-9.) Plaintiff also claims that "[s]everal defendants yet to be named work and reside in the jurisdiction of the Northern District." (Pl.'s Mot. at 1.) However, as mentioned earlier, Plaintiff's claims deal with alleged constitutional violations by prison officials at SATF; therefore, it is unlikely that those defendants reside in this district. Finally, Plaintiff claims that "[t]here is no guarantee that [he] will remain at his present location due to overcrowded conditions." (Pl.'s Mot. at 1.) At the time he filed his motion for reconsideration, the Court notes that Plaintiff was still being housed at SATF. Therefore, while some of his aforementioned arguments may be advanced on appeal, they are not a basis for reconsideration. See id. (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Accordingly, Plaintiff's motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (docket no. 18) is DENIED. This Order terminates Docket no. 18.

IT IS SO ORDERED.

DATED: September 29, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GRAHAM R L DELUIS-CONTI et al,

        Plaintiff,

v.

DIRECTOR OF CORRECTIONS et al,

        Defendant.

Case Number: CV08-05247 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Graham Roger-Lee De-Luis-Conti T-21195
Corcoran State Prison
P.O. Box 5242
Corcoran, CA 93212

Dated: September 30, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk